**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GABY A. TOUMA, | ) | Case No. 19-13288-BFK |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SUSAN COURTNEY, | ) | Adversary Proceeding |
| | ) | No. 19-01123-BFK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GABY A. TOUMA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW**

This matter is before the Court on cross Motions for Summary Judgment. The Defendant filed his Motion on May 8, 2020. Docket Nos. 48, 49. The Plaintiff filed an Opposition. Docket No. 51. The Defendant filed a Reply Memorandum. Docket No. 79. The Plaintiff filed her Motion on May 22, 2020. Docket Nos. 55, 56 The Defendant filed an Opposition. Docket No. 79. The Plaintiff filed a Reply Memorandum. Docket No. 87. The Court heard the parties' arguments on June 2 and 16, 2020.

For the reasons stated below, the Court will grant the Plaintiff's Motion and will deny the Defendant's Motion. The Court will enter a Judgment declaring the Arbitration Award in this case to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## Findings of Fact

The Court finds that the following facts are not genuinely in dispute.

*A. The Plaintiff Purchases a Vehicle from GN Auto, LLC.*

1. GN Auto, LC ("GN") is a Virginia limited liability company licensed as an automobile dealer in Virginia. Docket No. 59, Breeden Decl., Ex. 18. The Defendant, Gaby Touma, was the Owner. *Id.* Mr. Touma also was identified as the Dealer Operator in GN's Application for a license to operate as Motor Vehicle Dealer in Virginia. *Id.*[1]

2. In May 2016, the Plaintiff, Susan Courtney, purchased a 2007 Jaguar XK automobile for $12,781.00 from GN. Courtney Affidavit, Ex. 2.

3. Prior to purchasing the vehicle, the Plaintiff reviewed GN's website, which appeared to promise an 84-month warranty on all vehicles. Docket No. 57, Courtney Decl., Ex. 1 ("All vehicles come with 84-month limited warranty at the listed price for your peace of mind.")

4. When the Plaintiff purchased the vehicle, however, the Buyer's Order stated that the vehicle was being sold "AS IS." *Id.*, Ex. 2 (emphasis in original). Ms. Courtney also acknowledged receipt of a Buyer's Guide that stated in all caps: "AS IS, NO WARRANTY." *Id.*, Ex. 3.

5. Ms. Courtney began to experience problems with the car. When she returned to GN for repairs, she was told that GN would not honor any warranty on the vehicle. *Id.*, ¶ 4.

6. Ms. Courtney further claims that GN never titled the vehicle in her name, that the registration has now expired. *Id.*, ¶¶ 8,9.

7. The Plaintiff claims that she has incurred damages in the form of repair bills and the lost value of the vehicle, plus his attorney's fees.

---

[1] Mr. Touma's brother, Joe Touma, also worked at GN. The Court will refer to the Defendant, Gaby Touma, as "Mr. Touma" in these findings, unless indicated otherwise.

2

B. *The Plaintiff Brings Suit Against GN and Mr. Touma.*

8. Ms. Courtney filed a Complaint against GN and Mr. Touma in the Circuit Court of Fairfax County. *Courtney v. GN Auto, LLC, et al.*, Case No. 2016-12947 (Va. Cir. Ct. Nov. 4, 2016).

9. The Circuit Court referred the matter to arbitration at GN's request.

10. During the arbitration, the Arbitrator, Retired Circuit Court Judge Alfred Swersky, found the Defendants to be in default, owing to their failure to respond to discovery requests.

11. On October 4, 2017, the Arbitrator entered an Arbitration Award against the Defendants, jointly and severally, in the amounts of $15,434.32 in actual damages, trebled to $46,362.96 under the Virginia Consumer Protection Act (VCPA), $25,000.00 in punitive damages and $15,700.00 in attorney's fees. Docket No. 59, Breeden Decl., Ex. 11.

12. The Arbitration Award was rendered on the basis of "actual fraud" and violations of the VCPA. *Id.*

13. Ms. Courtney the moved to confirm the Arbitration Award in the Circuit Court. On February 15, 2018, Judge Schell of the Circuit Court ruled that he would confirm the Award against GN, but not against Mr. Touma. *Id.*, Ex. 13. Judge Schell held that: (a) Mr. Touma's Objections to the Award were timely filed because Mr. Touma was not represented by counsel in the case, and service of the Award on GN's counsel was not good service on Mr. Touma; and (c) Mr. Touma never personally signed an arbitration agreement, so the Award was void as to Mr. Touma. *Id.*

14. Ms. Courtney filed a petition for appeal with the Virginia Supreme Court, which granted the petition. On August 1, 2019, the Virginia Supreme Court reversed Judge Schell's

Case 19-01230-BFK    Doc 91    Filed 07/02/22    Entered 07/03/22 00:17:06    Desc Imaged
Certificate of Notice    Page 4 of 14
Case 19-01230-BFK    Doc 91-1    Filed 07/02/22    Entered 07/03/22 00:17:06    Desc Exhibit(s) Notice    Page 4 of 14

Order in an Unpublished Order, finding that: (a) Mr. Touma was in fact represented by counsel in the case; and (b) that, therefore, his Objections to Arbitration Award were untimely. *Id.*, Ex. 14. The Virginia Supreme Court remanded the case to the Circuit Court "for further proceedings consistent with this order." *Id.*, Ex. 14, p. 5.

 *C. Mr. Touma Files a Bankruptcy Petition.*

 15. On October 3, 2019, Mr. Touma filed a Voluntary Petition under Chapter 7 with this Court. *In re Touma*, Case No. 19-13288-BFK (Bankr. E.D. Va. Oct. 3, 2019). On January 7, 2020, Mr. Touma received a discharge in his bankruptcy case, subject to determinations of the dischargeability of any debts for which creditors timely filed complaints under Bankruptcy Code Section 523. *Id.*, Docket No. 21.

 16. On December 20, 2019, Ms. Courtney filed the Complaint in this case, requesting that this Court declare Mr. Touma's debt to Mr. Fasusi to be non-dischargeable pursuant to 28 U.S.C. § 523. The Complaint included Counts under Sections 523(a)(2)(A) (actual fraud), (a)(4) (defalcation while acting in a fiduciary capacity) and (a)(6) (willful and malicious injury). Docket No. 1.[2]

 17. After the Plaintiff filed an Amended Complaint, Mr. Touma filed a Motion to Dismiss under Bankruptcy Rule 7012. On March 25, 2020, the Court granted Mr. Touma's Motion on the 523(a)(4) Count (defalcation while acting in a fiduciary capacity) and the 523(a)(6) Count (willful and malicious injury). Docket No. 38.

 18. The Court denied the Motion to Dismiss on the 523(a)(2)(A) (actual fraud) Count, holding that the Plaintiff had made plausible allegations that that the Defendant "supervised, approved and maintained the content on GN Auto's web site," Docket No. 35, Am. Compl., ¶ 12,

---

[2] Another disappointed auto purchaser, John Fasusi, field a similar Complaint. *Fasusi v. Touma*, Adv. Pro. 19-1122-BFK (Bankr. E.D. Va. Dec. 20, 2019).

4

Case 19-01030-BFK Doc 91-1 Filed 07/02/22 Entered 07/03/22 21:37:06 Desc
Certificate of Notice Page 5 of 14 Case 1:21-cv-01303-KHP Doc 1 Filed 07/02/18 Entered 07/03/18 02:29:08 Desc
Exhibit(s) Notice Page 5 of 14

that the Defendant "was the owner, managing officer, dealer operator, primary policy maker, and operating employee of GN Auto," *Id.*, ¶ 36, that the Defendant "created, implemented and ratified all policies and actions of GN Auto described herein," *Id.*, ¶ 37, that the Defendant "was aware of the deceptive practices of GN Auto described herein," and that the alleged deceptive practices "continued after [the Defendant] became aware of them." *Id.*, ¶¶ 38, 39.

D. *The Affidavits and Discovery Responses on the Cross Motions for Summary Judgment.*

19. Mr. Touma submitted an Affidavit in support of his Motion. Docket No. 49, Touma Aff., Ex. C. His Affidavit states that: (a) he never met, nor had any communication with Ms. Courtney; (b) he was not involved in the day-to-day operations of GN; (c) he was an absentee owner; (d) he did not supervise nor maintain GN's web site; (e) he did not make policy, or ratify any policy, for the dealership. *Id.*, Touma Aff., ¶¶ 5, 6, 8-13.

20. Mr. Touma's Affidavit is backed up by the Affidavits of Joe Touma and Zachary Byrd, both of whom state that Mr. Touma was an absentee owner and that he had nothing to do with the day-to-day management of the business. *Id.*, Joe Touma Aff; *Id.*, Byrd Aff.

21. The Defendant served the Plaintiff with Interrogatories to determine the basis for the Plaintiff's allegations. In his Answers to Interrogatories in this action, Ms. Courtney provided no facts in support of her allegations. Rather, Ms. Courtney relied on Mr. Touma's duties as Dealer Manager for GN under Virginia Code Section 46.2-1500, as well as the legal argument that the Arbitration Award is entitled to collateral estoppel. Docket No. 49, Ex. A, Pl.'s Answers to Interrogatories, Nos. 1, 2, 5, 6, 7.

22. The Plaintiff's Answers to the Defendant's Interrogatories do not disclose any contact between the Plaintiff and the Defendant, nor do they provide any factual support for the allegation that the Defendant was personally responsible for the content of the GN website.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056. The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327 (quoting FED. R. CIV. P. 1).

Section 523(a)(2)(A) excepts debts from the debtor's discharge that were incurred by fraud. To prevail on a claim of actual fraud, the plaintiff "must prove four elements: (1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing

harm to the plaintiff; and (4) the plaintiff's justifiable reliance on the misrepresentation." *Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 134 (4th Cir. 1999). Although promises to perform in the future generally cannot form the basis of a fraud claim, a claim for fraud can be stated where it is alleged that the defendant made a promise without the present intent to perform. *Structured Invs. Co. v. Dunlap (In re Dunlap)*, 458 B.R. 301, 333 (Bankr. E.D. Va. 2011); *Soheily v. Vuong (In re Vuong)*, 353 B.R. 860, 866 (Bankr. E.D. Va. 2006).

The Court finds that the Plaintiff has satisfied his burden on the issue of collateral estoppel. The Court, therefore, will grant the Plaintiff's Motion and will deny the Defendant's Motion.

**I.     The Issue of Collateral Estoppel.**

The Plaintiff relies on the doctrine of collateral estoppel, arising out of the unconfirmed Arbitration Award. Whether or not a state court judgment is entitled to collateral estoppel depends on the law of the state rendering the judgment. 28 U.S.C. § 1738 (2018) (state court judgements entitled to the same preclusive effect that they would have in the state that rendered the judgment); *TKC Aerospace, Inc. v. Muhs (In re Muhs)*, 923 F.3d 377, 385 (4th Cir. 2019) ("When a federal court exercises diversity jurisdiction over a state law claim . . . the federal rule 'is to apply 'the law that would be applied by state courts in the State in which the federal diversity court sits' as long as the state rule is not 'incompatible with federal interests'").

   A. *An Unconfirmed Arbitration Award is not Entitled to Collateral Estoppel in Virginia.*

Whether or not an unconfirmed arbitration award can give rise to collateral estoppel is an issue that is undecided under Virginia law. *Waterford Marine Constr. v. North End 49ers Sandbridge Bulkhead Grps. A, B and C*, 468 S.E.2d 894, 902 (Va. 1996) ("[W]e will assume, without deciding, that an unconfirmed arbitration award is treated in the same manner as a confirmed award for purposes of res judicata analysis."); *Am. Coll. of Dentists Found., Inc. v.*

*Dorris Mktg. Grp., Inc. (In re Dorris Marketing Grp., Inc.)*, 2005 WL 6267050, *2 (Bankr. E.D. Va. Jan. 27, 2005) ("The court has previously considered this issue in an unreported decision and has concluded that under Virginia law an unconfirmed arbitration award is *not* entitled to preclusive effect.") (emphasis in original). Unconfirmed arbitration awards have been given preclusive effect in other States. *Camp v. Kollen*, 567 F. Supp. 2d 170, 173 (D.C. Cir. 2008); *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 266-268 (2d Cir. 1997).[3]

In Virginia, the doctrine of collateral estoppel "precludes the same parties to a prior proceeding from litigating in a subsequent proceeding any issue of fact that was actually litigated and essential to a final judgment in the first proceeding." *Glasco v. Ballard*, 452 S.E.2d 854, 855 (1995); *Bates v. Devers*, 202 S.E.2d 917, 921 (Va. 1974). While a default judgment can give rise to collateral estoppel (*Transdulles Center, Inc. v. Sharma*, 472 S.E.2d 274 (1996)), the Virginia Supreme Court has repeatedly held that collateral estoppel requires a final judgment. *Scales v. Lewis*, 541 S.E.2d 899, 901 (Va. 2015) ("The doctrine of collateral estoppel precludes parties to a prior action from litigating in a subsequent action any factual issue that was actually litigated and essential to a valid, final judgment in the prior action"); *Angstadt v. Atlantic Mutual Ins. Co.*, 457 S.E.2d 86, 87 (1995) ("[T]he prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied.") There are no Virginia Supreme Court opinions in which the Court has wavered from that requirement.

The Plaintiff argues that the Virginia Supreme Court remanded the matter, and that and that all that was left to do was the "ministerial act" of entering a final judgment on remand. *See* Va. Code Ann. § 8.01-581.09 (West 2020) ("Upon application of a party any time after an award

---

[3] The Plaintiff does not claim that the Arbitration Award is entitled to claim preclusion, or res judicata, as there was no final judgment from entered in the Circuit Court. *McDonald v. City of West Branch*, 466 U.S. 284 (1984).

8

Case 1:21-03063-KHK Doc 91 Filed 07/02/22 Entered 07/03/22 21:17:06 Desc
Certificate(s) Notice Page 9 of 14
Case 1:21-03063-KHK Doc 91-c Filed 07/02/22 Entered 07/03/22 21:17:06 Desc
Exhibit(s) Page Page 9 of 14

is made, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 8.01-581.010 and 8.01-581.011.") This is true, but it does not change the fact that the Circuit Court never entered a final judgment.

The Court finds that an unconfirmed arbitration award is not entitled to collateral estoppel under Virginia law.

B. *The Issue of Privity*.

The Plaintiff further argues that collateral estoppel applies because there was a final judgment entered against GN, and the Defendant was in privity with GN. On this argument, the Court finds that the Plaintiff is correct. Under Virginia law, when applying collateral estoppel to a judgment, a "'privy' . . . refers to one whose interest has been legally represented" in a prior proceeding. *Patterson v. Saunders*, 74 S.E.2 204, 208 (Va. 1953). There is no set definition of privity for a court to automatically apply, and therefore "a determination of just who are privies requires a careful examination into the circumstances of each case." *Nero v. Ferris*, 284 S.E.2d 828, 831 (Va. 1981).

The Court finds that Mr. Touma was in privity with GN. Mr. Touma was GN's sole Owner and was its Dealer Operator. Further, Mr. Touma was directing the defense of the case with the attorneys for GN. The Virginia Supreme Court's Opinion noted that Mr. Touma communicated with the attorneys for GN by e-mail throughout the arbitration. Indeed, it was Mr. Touma's stated position that "he believed that all of his communications with the attorneys related to his role as owner of GN Auto." Docket No. 59, Breeden Decl., Ex. 14, p. 3. Importantly, that representation lead to the Arbitrator finding against the *defendants*, not just GN.

*Id.*, Ex. 11, p. 2. In light of the circumstances and the Virginia Supreme Court's Opinion, this Court concludes that Mr. Touma's interests were properly represented in the prior proceeding.

The Defendant argues that, even if there was privity, the Plaintiff has failed to satisfy the "actually litigated" component of collateral estoppel. In Virginia, even a default judgment is entitled to collateral estoppel, if some evidence was submitted in support of the judgment. *Transdulles Center, Inc. v. Sharma*, 472 S.E.2d 274, 276 (1996) ("[A] final default judgment 'imports absolute verity, and is as effectual and binding as if pronounced upon a trial upon the merits.'") In this case, the Arbitrator specifically noted that "Defendants were represented at the hearing and permitted to cross-examine the witnesses and to raise objections to the evidence." Docket No. 59, Breeden Decl., Ex. 11, p. 1. The Award was based on "the evidence taken at the hearing, the exhibits admitted into evidence, and the argument of counsel." *Id.* This satisfies the *Transdulles* standard for the actually litigated component of collateral estoppel.

C. *The Finding of Fraud.*

The Arbitration Award was based on both actual fraud and violations of the VCPA. This Court and one other bankruptcy court have given collateral estoppel effect to judgments based on the VCPA for purposes of non-dischargeability under Section 523(a)(2)(A). *In re Foster*, 2013 WL 4590645 (Bankr. D. Md. Aug. 28, 2013); *In re Quansah*, 2011 WL 1363992 (Bankr. E.D. Va. Apr. 11, 2011). In *Quansah*, Judge Mitchell held:

> The prohibited practices under the Virginia Consumer Protection Act are set forth in §§ 59.1–200 and 59.1–200.1, Code of Virginia. These include, in addition to various specifically identified types of misrepresentations, "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va.Code Ann. § 59.1–200(14). The elements of a misrepresentation claim under the Virginia Consumer Protection Act appear to be fully congruent with the elements required for nondischargeability under § 523(a)(2)(A). To the extent the Virginia act may be violated by conduct short of a willful intent to deceive, that element is supplied in this case by the award of enhanced damages, which allows such damages

10

only if the trier of fact determines that the violation was "willful." Va.Code Ann. § 59.1–204(A).

2011 WL 1363992, at *3.

Although Virginia Code Section 59.1-204(A) includes a list of regulatory infractions that might not necessarily be considered fraudulent in nature (e.g., violations of the Virginia Health Club Act, or violations of the Virginia Home Solicitation Sales Act), the provisions of Chapter 15 of the Motor Vehicle Code (Va. Code § 46.2-1500, *et seq*.) are not among the enumerated statutes. In fact, there is an exclusion in Section 59.1-204(A)(16a) (failure to disclose all conditions, charges or fees) for "a transaction for the sale or lease of motor vehicles, farm tractors or motorcycles as defined in § 46.2-100." Thus, the Arbitrator's Award in this case, insofar as it was based on violations of the VCPA, could only have been based on the deception, fraud or fraudulent misrepresentations portions of Section 59.1-204(A). These fraud-based provisions, as Judge Mitchell noted, are essentially the same as the fraud required for a finding of non-dischargeability under Section 523(a)(2)(A).

The Court, finds, therefore, that the Arbitration Award is entitled to collateral estoppel because Mr. Touma was in privity with GN and the award was based on actual fraud and the VCPA.[4]

## II. The Spoliation Issue.

The Plaintiff argues, in the alternative, that the failure of a Dealer Operator to retain records pursuant to Va. Code § 46.2-1500 gives rise to a spoliation claim and that, therefore, the

---

[4] The parties, no doubt, will note the difference in the results between this Adversary Proceeding and the *Fasusi* Adversary Proceeding. The salient differences between the two cases are: (a) in *Fasusi,* the Arbitrator used the term "dealer" (singular), whereas in the this case the Arbitrator used the term "Defendants" (plural, which could only have referred to GN and Mr. Touma); and (b) the Arbitrator in *Fasusi* based the award on findings that "the dealer made a fraudulent misrepresentation and that the dealer did not comply with Virginia Code Section 46.2-1530," and in this case the Award was based on fraudulent misrepresentations and violations of the VCPA.

11

Defendant is estopped to deny liability. Spoliation is defined as "the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001); *Stevens & Son, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 103 (E.D. Va. 2018). It is not clear to the Court whether the Plaintiff relies on Federal Rule of Civil Procedure 37(e), relating to electronically stored information (ESI), but both Rule 37(e) and the case law relating to spoliation require an element of willfulness, as well as a showing of prejudice to the moving party. *Silvestri*, 271 F.3d at 590 ("a court must find some degree of fault to impose sanctions"); *Trigon Ins. Co. v. U.S.* 204 F.R.D. 277, 288 (E.D. Va. 2001) ("Given the rationale for, and the policy behind, the rule against spoliation, assessment of sanctions depends most significantly on the blameworthiness of the offending party and the prejudice suffered by the opposing party.")[5]

The Court need not address the spoliation issue in this case because it is granting summary judgment to the Plaintiff on the grounds of collateral estoppel, above.

## Conclusion

For the foregoing reasons, the Court will enter a separate Order under which:

A.  The Court will grant the Plaintiff's Motion.

B.  The Court will deny the Defendant's Motion.

C.  The Court will enter a Judgment declaring the Arbitration Award in this case to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

---

[5] Notably, the Plaintiff did not bring a claim in the Defendant's bankruptcy case to deny the Defendant a discharge based on Bankruptcy Code Section 727(a)(3) (the failure to keep or preserve business records of the debtor or an affiliate).

Case 19-01030-BFK Doc 91 Filed 07/02/21 Entered 07/03/21 00:29:08 Desc
Case 22-01030-KHK Doc 1-7 Filed 02/28/22 Entered 02/28/22 17:06:05 Desc
Certificate of Notice Page 13 of 14
Exhibit(s) Page 13 of 14

  D. The Court will grant the Plaintiff relief from the automatic stay to confirm the Arbitration Award in the state court and to commence collection proceedings on the Judgment, other than against any property that is property of the bankruptcy estate.[6]

  E. The Clerk will mail these Findings and the accompanying final Order, or will provide cm-ecf notice of their entry, to the parties below.

Date: Jun 29 2020

Alexandria, Virginia

/s/ Brian F. Kenney
Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: June 30, 2020

Copies to:
Thomas Ray Breeden
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, VA 20109
*Counsel for the Plaintiff*

Gaby A Touma
47374 Westwood Place
Sterling, VA 20165
*Debtor/Defendant*

Jacqueline Audrey Kramer
Thomas K. Plofchan, Jr.
Westlake Legal Group
46175 Westlake Dr., Suite 320
Potomac Falls, VA 20165
*Counsel for Debtor/Defendant*

---

[6] In the Court's Order granting the Defendant's Motion to Dismiss in part and denying the Motion in part, the Court granted the Motion as to Count I (Confirmation of Arbitration Award), but held that "[t]he Motion to Dismiss is granted as to Count I without prejudice to confirmation of the award in State Court in the event that the Plaintiff's debt is determined to be nondischargeable." Docket No. 38, p. 7.

Case 19-01123-BFK Doc 91 Filed 07/02/20 Entered 07/03/20 00:29:17 Desc Diseaged
Case 19-11230-BFK Doc 91 Filed 07/02/20 Entered 07/02/20 23:17:06 Desc Diseaged
Certificate of Notice Page 14 of 14
Exhibit(s) Notice Page 14 of 14

United States Bankruptcy Court
Eastern District of Virginia

Courtney,
  Plaintiff

Touma,
  Defendant

Adv. Proc. No. 19-01123-BFK

## CERTIFICATE OF NOTICE

District/off: 0422-9    User: douglasse    Page 1 of 1    Date Rcvd: Jun 30, 2020
          Form ID: pdford9    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 02, 2020.
dft      +Gaby A Touma,   47374 WEstwood Place,   Sterling, VA 20165-2411

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                   TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 02, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 30, 2020 at the address(es) listed below:
     Jacqueline Audrey Kramer    on behalf of Defendant Gaby A Touma jkramer@westlakelegal.com
     Thomas K. Plofchan, Jr.    on behalf of Defendant Gaby A Touma tplofchan@westlakelegal.com, jguida@westlakelegal.com;kcook@westlakelegal.com
     Thomas Ray Breeden    on behalf of Plaintiff Susan Courtney trb@tbreedenlaw.com, trm@tbreedenlaw.com
                                                       TOTAL: 3